UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE №: 8:23-cv-223

JOSIAH COLON, *et al.*,

        *Plaintiffs*,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

        *Defendants*.

_____/

## INJUNCTIONS COVERING PLAINTIFF KLING

In compliance with this Court's order of June 16, 2023 (ECF 31) Plaintiffs respectfully submit the following injunctions that Plaintiff Kling believes that he is covered by.

Respectfully Submitted,

DATED: June 21, 2023

_____
Matthew Larosiere, Esq.
Zermay-Larosiere
1762 Windward Way
Sanibel, FL 33957
Email: info@zermaylaw.com
Telephone: 305-767-3529
*Lead Counsel for Plaintiffs*

_____
Zachary Z. Zermay, Esq.
Zermay-Larosiere
1762 Windward Way
Sanibel, FL 33957
Email: zach@zermaylaw.com
Telephone: 305-767-3529
*Counsel for Plaintiffs*

# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10319

---

WILLIAM T. MOCK; CHRISTOPHER LEWIS; FIREARMS POLICY COALITION, INCORPORATED, *a nonprofit corporation*; MAXIM DEFENSE INDUSTRIES, L.L.C.,

        *Plaintiffs—Appellants*,

*versus*

MERRICK GARLAND, *U.S. Attorney General, in his official capacity as Attorney General of the United States*; UNITED STATES DEPARTMENT OF JUSTICE; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES; STEVEN DETTELBACH, *in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*,

        *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-95

---

## UNPUBLISHED ORDER

Before HAYNES,[1] ENGELHARDT, and OLDHAM, *Circuit Judges*.

---

[1] JUDGE HAYNES concurs only in part: she concurs in the order of an expedited appeal. With respect to the request for a preliminary injunction pending appeal, as a member of the motions panel, she would grant an administrative stay to the plaintiffs in this case as to the

No. 23-10319

Per Curiam:

IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.

IT IS FURTHER ORDERED that Appellants' Opposed Motion For a Preliminary Injunction Pending Appeal is GRANTED as to the Plaintiffs in this case. *See* Fed. R. App. P. 8; *Nken v. Holder*, 556 U.S. 418 (2009).

---

challenged Final Rule for a brief period of time and defer the question of the injunction pending appeal to the oral argument merits panel which receives this case.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECOND AMENDMENT FOUNDATION, *et al.*, | § § § |
| Plaintiffs, | § § |
| v. | §  CIVIL ACTION NO. 3:21-CV-0116-B § |
| BUREAU OF ALCOHOL TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, | § § § § § |
| Defendants. | § |

# ORDER

Before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. 51). Plaintiffs are two individuals who use handguns with arm braces, a Second Amendment non-profit, and a manufacturer of firearm parts and accessories. Doc. 1, Compl., ¶¶ 4–7. Defendants are the United States Department of Justice ("DOJ"); the Acting Attorney General of the United States, Jeffrey Rosen; the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); and the ATF Acting Director, Regina Lombardo. *Id.* ¶¶ 9–12. The individual Defendants are sued in their official capacities. *Id.* ¶¶ 10, 12.

Plaintiffs challenge the legality and constitutionality of a rule issued by the ATF. *Id.* ¶¶ 71–82. At a high level of generality, the rule at issue, Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6,478 (Jan. 31, 2023) (the "Rule"), classifies handguns with attached arm braces as "short-barreled rifles" and imposes additional restrictions on their use. *See* Doc. 52, Mot. Prelim. Inj. Br., 3–8. In their brief, Plaintiffs argue the Rule (1) exceeds the agency's statutory authority, (2) is arbitrary and capricious, (3) violates the Second Amendment, (4)

is unconstitutionally vague, and (5) cannot lawfully be given immediate effect. *Id.* at 9–17. Plaintiffs seek a preliminary injunction enjoining the DOJ and the ATF from enforcing the Rule against them and postponing the Rule until the conclusion of this case. *See* Doc. 51, Mot. Prelim. Inj.

Plaintiffs are not alone in their concerns regarding the Rule. The Court is aware of at least two other cases in the Northern District of Texas alone where similar plaintiffs—handgun users, non-profits, and/or firearm manufacturers—are challenging the Rule on identical or similar grounds. In one of these cases, brought in the Fort Worth Division, *Mock v. Garland*, 4:23-cv-0095-O (N.D. Tex.) (O'Connor, J.), the court denied a substantially similar motion that asked the court to enjoin the DOJ and the ATF from enforcing the Rule and postpone the Rule. *See Mock v. Garland*, 2023 WL 2711630 (N.D. Tex. Mar. 30, 2023) (O'Connor, J.). On review of that denial, an emergency motions panel for the United States Court of Appeals for the Fifth Circuit enjoined the Rule pending expedited appellate review of the district court's decision. Unpublished Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023), Doc. 52-2. The Fifth Circuit's preliminary injunction extended only to the plaintiffs in that case. *Id.*

Although the Fifth Circuit's order limited relief to the plaintiffs in that case, the Court finds the same relief is appropriate here. As mentioned, the motion in *Mock* and the Motion before the Court are substantially similar. Both seek an injunction enjoining enforcement of the Rule because it violates the Administrative Procedure Act and the Second Amendment. And while Plaintiffs raise some arguments that were not raised in *Mock*, the resolution of that appeal will almost certainly affect, if not control, the Court's decision on Plaintiffs' Motion.

For these reasons, the Court **GRANTS IN PART** the Motion and issues a preliminary injunction as to Plaintiffs in this case only, pending resolution of the expedited appeal in *Mock v.*

*Garland*, No. 23-10319 (5th Cir.). Upon resolution of the appeal in *Mock*, the Court will address the remaining relief Plaintiffs request in their Motion. If necessary, the Court will order additional briefing at that time.

    **SO ORDERED**.

    **SIGNED: May 25, 2023**.

_[signature]_
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

Case 6:23-cv-00013 Document 31 Filed 05/31/23 in TXSD Page 1 of 8
Case 8:23-cv-01203-DKC Document 51-3 Filed 08/22/23 Page 7 of 15 PageID 208

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| The STATE OF TEXAS, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, and BRADY BROWN, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:23-CV-00013 |
| U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, U.S. DEPARTMENT OF JUSTICE, and STEVEN M. DETTELBACH, Director of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity, | § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER

The State of Texas, Gun Owners of America, Inc., Gun Owners Foundation, and Brady Brown (the "Plaintiffs") filed this Civil Action on February 9, 2023, against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the U.S. Department of Justice, and the Director of ATF, Steven M. Dettelbach (the "Defendants"), challenging the legality and constitutionality of the Final Rule issued by the ATF on January 31, 2023, entitled "Factoring Criteria for Firearms With Attached 'Stabilizing Braces.'" (Dkt. No. 1); *see* 88 Fed. Reg. 6,478 (Jan. 31, 2023). Pending before the Court is Plaintiffs' Motion for Preliminary Injunction. (Dkt. No. 16). In their Motion, Plaintiffs argue that the Final Rule is unconstitutional and violates the Administrative Procedure Act. (*See id.* at 15–28).

Plaintiffs seek a nationwide preliminary injunction enjoining the Defendants from enforcing the Final Rule until the conclusion of this case. (*Id.* at 31).

The Court is aware of several other cases where private plaintiffs are challenging the same Final Rule on identical or similar grounds.¹ Recently, in one such case, the Honorable Reed O'Connor in the Northern District of Texas denied a substantially similar motion for preliminary injunction. *See Mock v. Garland*, No. 4:23-CV-00095, ____ F. Supp.3d. ____, 2023 WL 2711630 (N.D. Tex. Mar. 30, 2023). On appeal from that order, the Plaintiff-Appellants filed an Opposed Emergency Motion for Injunction Pending Appeal arguing the same four elements required at the district court level for a preliminary injunction. *Mock v. Garland*, No. 23-10319, Dkt. No. 25 (5th Cir. May 17, 2023). A motions panel for the United States Court of Appeals for the Fifth Circuit enjoined the Final Rule pending the expedited appellate review of the district court's decision in *Mock*.² *Mock*, No. 23-10319, Dkt. No. 52 (5th Cir. May 23, 2023). The Fifth Circuit's preliminary injunction extended only to the plaintiffs in that case. *Id.* A few days later, the Fifth Circuit clarified that the preliminary injunction also applies to the customers and members whose interests the *Mock* plaintiffs have represented since day one of the litigation and to the individual plaintiffs' resident family members. *Mock*, No. 23-10319, Dkt. No. 78 (5th Cir. May 26, 2023).

---

¹ *See Second Amend. Found. v. ATF*, No. 3:21-CV-00116 (N.D. Tex.) (Boyle, J.); *Mock v. Garland*, No. 4:23-CV-00095 (N.D. Tex.) (O'Connor, J.); *Britto v. ATF*, No. 2:23-CV-00019 (Kacsmaryk, J.); *Watterson v. ATF*, No. 4:23-CV-00080 (E.D. Tex.) (Mazzant, J.); *FRAC v. Garland*, No. 1:23-CV-00024 (D.N.D.) (Hovland, J.); *Miller v. Garland*, No. 1:23-CV-00195 (E.D. Va.) (Alston, J.).

² By granting the appellate preliminary injunction, the Fifth Circuit necessarily found *sub silentio* that the four elements for a preliminary injunction had been satisfied as to the plaintiffs in that case.

2

The Court finds the same relief afforded to the *Mock* plaintiffs is appropriate for the private Plaintiffs in this case—Gun Owners of America, Inc., Gun Owners Foundation, and Brady Brown. This is because the motion in *Mock* and the Motion before this Court are substantially similar. Both motions seek an injunction enjoining enforcement of the Final Rule on the grounds that it violates the Administrative Procedure Act and the Second Amendment. And while the Plaintiffs here raise some arguments that were not raised in *Mock*, the resolution of that appeal will almost certainly affect, if not control, the Court's decision on Plaintiffs' Motion.

Notably, one substantial difference between *Mock* and the case pending before this Court is that this case includes a non-private plaintiff—the State of Texas. To determine whether Texas is entitled to injunctive relief, the Court must first decide whether Texas has satisfied Article III standing, and if so, whether Texas has made a sufficient showing of irreparable harm.[3]

### A. STANDING

To establish Article III standing, Texas must demonstrate that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). Here, the only

---

[3] The Court only addresses Article III standing and irreparable harm because these are fact-specific inquiries that the private Plaintiffs have satisfied. To receive injunctive relief Texas must also satisfy these requirements.

standing element in serious dispute is the first standing element—injury in fact—that is, whether Texas has shown that it has suffered "an invasion of a legally protected interest" that is "concrete," "particularized," and "actual or imminent, not conjectural or hypothetical."[4]  *Id.* at 339, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136).  The Court finds that the compliance costs to be incurred by Texas as a result of the Final Rule are sufficient to satisfy the injury element of Article III standing.[5]  (*See* Dkt. No. 16 at 29–30) ("Texas police who possess previously legal handguns with stabilizing braces will have to expend resources to register those weapons."); 88 Fed. Reg. at 6567 ("ATF notes that it may take 30 minutes to complete an Application for Registration of Firearms Acquired by Certain Governmental Entities [ ], with a loaded wage rate of $49.67, making the per application burden $25."); *see also Texas v. Biden*, 589 F.Supp.3d 595, 611 (N.D. Tex. 2022) (collecting cases).

Notably, Texas does not assert *parens patriae* as a basis for standing.  Nevertheless, the Court construes Texas to have done so, as it invokes an injury to its quasi-sovereign

---

[4]  The Court finds that the latter two standing requirements of traceability and redressability are comfortably satisfied, as any injuries suffered by Texas will be attributable to the implementation of the Final Rule, and the requested relief here—an injunction and, ultimately, vacating the Final Rule—would remedy the alleged injury.  Further, Texas is "entitled to special solicitude . . . [which] makes it easier for them to establish the imminence and redressability components of standing." *Texas v. United States*, 606 F.Supp.3d 437, 466 n.46 (S.D. Tex.), *cert. granted before judgment*, 143 S.Ct. 51, 213 L.Ed.2d 1138 (2022).  The Court holds that Texas has established standing without the need for special solicitude, but lest any doubt remain, special solicitude pushes Texas over the line.

[5]  The Court recognizes that Texas has not submitted any signed affidavits or declarations detailing the exact dollar amount of the compliance costs associated with implementing the Final Rule.  However, such a showing is not necessary. *See e.g.*, *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 600 (5th Cir. 2023) (stating that "[s]tringently insisting on a precise dollar figure reflects an exactitude our law does not require").

4

interests—the health and well-being of its residents—and *parens patriae* standing is the only proper vehicle for doing so.[6] But in this context, Texas cannot establish standing under a theory of *parens patriae* in light of *Massachusetts v. Mellon* and its progeny.[7] 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). At this juncture, Texas has established standing through its own compliance costs.

### B. IRREPARABLE HARM

Since Texas has established Article III standing, the Court must now determine whether Texas has made a sufficient showing of irreparable harm. To warrant a grant of a preliminary injunction, Texas must demonstrate that it is likely to "suffer irreparable harm in the absence of preliminary relief[.]" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

Texas alleges three types of irreparable harm related to the Final Rule: (1) harm to its sovereign interests, (2) harm to its quasi-sovereign interests, and (3) unrecoverable compliance costs with respect to a subset of its employees. (Dkt. No. 45 at 1–5). With respect to its sovereign interests, Texas argues broadly that the Final Rule distorts

---

[6] The concepts of *parens patriae* and quasi-sovereign interests are invariably intertwined. *See, e.g., Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 178 (D.C. Cir. 2019) (treating quasi-sovereign interests and *parens patriae* as the same concept). *Parens patriae* is the vehicle through which a state pursues its quasi-sovereign interests. *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 602, 102 S.Ct. 3260, 3266, 73 L.Ed.2d 995 (1982); *Estados Unidos Mexicanos v. DeCoster*, 229 F.3d 332, 335 (1st Cir. 2000); *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 305 (6th Cir. 2019); *Texas v. United States*, 555 F.Supp.3d 351, 377 (S.D. Tex. 2021), *appeal dismissed*, No. 21-40618, 2022 WL 517281 (5th Cir. Feb. 11, 2022) (citing *Snapp*, 458 U.S. at 602, 102 S.Ct. at 3266).

[7] Under *Massachusetts v. Mellon*, a State may not "institute judicial proceedings to protect citizens of the United States from the operation of the statutes thereof." 262 U.S. at 485, 43 S.Ct. at 600; *see also Massachusetts v. EPA*, 549 U.S. 497, 520 n.17, 127 S.Ct. 1438, 1455 n.17, 167 L.Ed.2d 248 (2007) (explaining that states have standing to assert rights under federal law but not to protect their own citizens from the operation of federal law).

applicable Texas law and subverts principles of federalism. (*Id.* at 1–3). But because the Texas state law definition of short-barrel firearm stands independent from the federal framework and remains undisturbed, *see* Tex. Penal Code §§ 46.01(10), 46.05(a)(1), Texas is under no "pressure to amend, or at least decline to enforce, [its] laws." *Texas v. Becerra*, 577 F.Supp.3d 527, 558 (N.D. Tex. 2021).

Texas further argues that it has a "quasi-sovereign interest in ensuring that persons are able to continue using braces to safely handle pistols[.]" (Dkt. No. 49 at 2); *see also* (Dkt. No. 45 at 3–4). This argument is unavailing for two reasons. First, as previously discussed, Texas cannot assert this quasi-sovereign interest as an injury because *parens patriae* standing has not been shown to be applicable here. Second, even if the Court were to permit a theory of *parens patriae* standing, Texas, at this juncture, has not shown a quasi-sovereign interest in "ensuring that persons are able to continue using braces to safely handle pistols[.]"[8] (*See* Dkt. No. 49 at 2).

With respect to the compliance costs, however, the Court finds that Texas has established that it is likely to suffer irreparable harm absent the issuance of a preliminary injunction. This kind of harm is generally satisfied in the context of government

---

[8] As explained in *Snapp*, what constitutes a quasi-sovereign interest "is a matter for case-by-case development[.]" 458 U.S. at 607, 102 S.Ct. at 3268. To be sure, while courts have recognized a state's quasi-sovereign interest in its residents' health and well-being in certain contexts, this case falls outside the typical parameters of the recognized applications. *See Massachusetts v. EPA*, 549 U.S. at 520, 127 S.Ct. at 1454–55 (recognizing a quasi-sovereign interest in regulating emissions); *Texas v. United States*, 50 F.4th 498, 515 (5th Cir. 2022) (recognizing Texas's quasi-sovereign interest in classifying aliens); *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 351 (5th Cir. 2001) (protecting state citizens from criminal activity is a recognized quasi-sovereign interest). Complying with the Final Rule's register-or-lose-it requirement does not comport with the traditional, recognized notions of what constitutes a harm to the health and well-being of Texas residents, as that term has been understood.

defendants who enjoy sovereign immunity from monetary damages. *See Wages & White Lion Invs., L.L.C. v. FDA*, 16 F.4th 1130, 1142 (5th Cir. 2021); *see also Texas v. EPA*, 829 F.3d 405, 433 (5th Cir. 2016) (holding that "complying with a regulation later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs") (emphasis in original).

Considering the foregoing, the Court holds that Texas has established Article III standing and has sufficiently shown that it will suffer irreparable harm absent a preliminary injunction enjoining the enforcement of the Final Rule.

\* \* \*

For these reasons, the Court **GRANTS IN PART** Plaintiffs' Motion for Preliminary Injunction, (Dkt. No. 16). Defendants are **ENJOINED** from enforcing the Final Rule against (1) the private Plaintiffs in this case, including its current members and their resident family members, and (2) individuals employed directly by the State of Texas or its agencies.[9] The preliminary injunction will remain in effect pending resolution of the expedited appeal in *Mock v. Garland*.

It is SO ORDERED.

---

[9] The Court declines Texas's invitation to extend injunctive relief to within the sovereign borders of the State. (*See* Dkt. No. 45 at 6). This is because "the scope of injunctive relief is dictated by the extent of the violation established," *Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979), and, at this point, Texas has only shown a likelihood of irreparable harm with respect to its own compliance costs. Injunctive relief within the borders of the State of Texas would be overbroad. *See VanDerStok v. BlackHawn Mfg. Grp. Inc.*, No. 4:22-CV-00691, 2022 WL 16680915, at \*2 (N.D. Tex. Nov. 3, 2022) (finding that "an injunction must 'redress the plaintiff's particular injury,' and no more").

7

Signed on May 31, 2023.

<u>                                        </u>
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 21, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Zachary Z. Zermay, Esq.