IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| JOSIAH COLON, *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*,<br><br>    *Defendants*. | Case No. 8:23-cv-223 |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

### I.  The Complaint Should Be Dismissed

Plaintiffs make only a perfunctory effort to oppose dismissal. While Defendants could not address every flaw in Plaintiffs' Opposition in the space allotted, Defendants respond to the most problematic arguments below.

Plaintiffs' overarching contention is that Rule 12(b)(6) applies only where "no relief could be granted under any set of facts that could be proved." Pls.' Opp'n at 1, ECF No. 29. This standard has been overruled, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring that complaint state "claim to relief that is plausible on its face"), and Rule 12(b)(6) compels dismissal of a "legal theory that is not cognizable as a matter of law." *Methelus v. Sch. Bd. of Collier Cnty.*, Fla., 243 F. Supp. 3d 1266, 1270 (M.D. Fla. 2017).

On the merits, Defendants explained in detail why Plaintiffs' Administrative Procedure Act ("APA") claim as to statutory authority fails as a matter of law. Defs.' Mot. to Dismiss at 20-24, ECF No. 22. Plaintiffs do not substantively respond and instead aver that the Government is "free to argue" such points at trial or on summary judgment. Pls.' Opp'n at 5. This is a non-sequitur; the absence of a cognizable claim compels dismissal now, not later.

Plaintiffs' terse argument on notice and comment similarly fails. Plaintiffs aver that the Rule is not interpretive because the Rule "add[s] pages (upon pages) to the statute[.]" Pls.' Opp'n at 6. Not so. As another district court recently held, "the Final Rule is merely interpretative as it provides the public with guidance as to ATF's interpretation of definitions" in relevant statutes. *See Miller v. Garland*, No. 1:23-CV-195-RDA-JFA, --- F. Supp. 3d ---, 2023 WL 3692841, at *7 (E.D. Va. May 26, 2023).

Plaintiffs also assert that there were "no findings and no analysis here to justify the choice made," Pls.' Opp'n at 7. This contention ignores the 98-page Final Rule and its detailed explanatory preamble. Nor is the Government seeking *Chevron* deference in this matter, or improperly relying on "its own interpretation" of underlying statutes. Pls.' Opp'n at 8. The Rule is instead consistent with ATF's statutory authority and is reasonable. *See Miller*, 2023 WL 3692841, at *4, 8.

On the Second Amendment, Plaintiffs first aver that the Rule does not regulate braces themselves, but firearms with attached braces, Pls.' Opp'n at 9; but, for purposes of the Second Amendment, this is a distinction without a difference. Cases both pre-dating and following *Bruen* have made clear that the Second

Amendment does not protect the use of specific firearm accessories, such as silencers and the stabilizing braces sought by Plaintiffs. *Miller*, 2023 WL 3692841, at *10. Plaintiffs also cannot plausibly contend that the Second Amendment protects possession of dangerous and unusual weapons. Following *Bruen*, "lower courts have held that short-barreled rifles are not protected under the Second Amendment because like short-barreled shotguns, they are dangerous and unusual weapons." *Id.* at *11; *see also United States v. Tagg*, 572 F.3d 1320, 1326 (11th Cir. 2009) (pipe bombs not protected by the Second Amendment as dangerous and unusual weapons). Plaintiffs also ignore the fact that common firearm registration procedures do not offend the right to bear arms. *See Miller*, 2023 WL 3692841, at *11 ("The Second Amendment does not prohibit the imposition of reasonable licensing regimes commonly associated with firearm ownership."). Finally, Plaintiffs fail to show that the numerous cited early American laws – requiring firearm surveys, inspection, licensing, taxation, or other controls – imposed materially different regulations than those required by the NFA and GCA.

    Nor is the Final Rule void for vagueness. Plaintiffs fail to identify a single firearm where application of the Rule is unclear, let alone demonstrate that the Rule is vague in every circumstance, as required for a facial challenge. And for good reason, the Rule sets forth multiple objective factors for use in firearm classification, the agency issued additional guidance as to numerous firearms found to be short-barreled rifles, and individuals may request a formal classification from ATF. The Rule is thus clearer and provides more notice than the status quo ex ante.

## II. Plaintiffs Fail to Demonstrate Irreparable Harm

Turning to Plaintiffs' motion for a preliminary injunction, Plaintiffs have had multiple opportunities to point to irreparable harm that will result if a preliminary injunction is not granted. But Plaintiffs have fallen short in every instance.

Plaintiffs Brandon Kling, Josiah Colon, and Eric Mele, now attest that they are "covered" by a preliminary injunction ordered by another federal court. ECF No. 30 at 2-4. Specifically, Mr. Colon and Mr. Mele purportedly are members of the Second Amendment Foundation, and accordingly believe that the Final Rule may not be enforced against them, pursuant to the preliminary injunction issued in *Second Amendment Foundation v. ATF*, No. 3:21-cv-116 (N.D. Tex.), ECF No. 62. ECF No. 30 at 3-4. Mr. Kling states only that he is a member of an unspecified "gun rights group," and "believes that he is covered" by multiple preliminary injunctions, including that issued in *Second Amendment Foundation*, as well as in *Mock v. Garland*, No. 23-10319 (5th Cir.), ECF No. 52-2, and *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.), ECF No. 51. *See* ECF No. 30 at 2; ECF No. 33. It is unclear how membership in one "gun rights group" would be relevant to all three different cases, which concern different plaintiff groups. Regardless, Plaintiffs' own attestations do not allege that they will be imminently subject to an enforcement action by ATF, or that Plaintiffs are otherwise compelled to take any action that could constitute irreparable injury. Having failed to carry their burden to demonstrate irreparable harm, a preliminary injunction should not issue as to the individual Plaintiffs. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (explaining that "the absence of

a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Plaintiffs Ted William Martin and his business 2nd Amendment Armory fare no better. Mr. Martin avers that he has "stabilizing braces" in his possession and the "shop's possession," which were "removed . . . from the firearms in our possession" before June 1, 2023. ECF No. 32 at 3.

In the interest of clarity, Defendants note that, under the Final Rule, one compliance option for owners of short-barreled rifles with stabilizing braces is to "[p]ermanently remove and dispose of, or alter, the 'stabilizing brace' such that it cannot be reattached, thereby removing the weapon from regulation as a 'firearm' under the [National Firearms Act]." *See Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478, 6,570 (Jan. 31, 2023). It is unclear from his statement whether Mr. Martin simply "removed" the braces from relevant firearms, but retains and sells both the braces and compatible firearms in disassembled but otherwise unmodified condition. In that circumstance, Mr. Martin and/or 2nd Amendment Armory may be in constructive possession of unregistered NFA-regulated firearms, such as short-barreled rifles. *See United States v. Thompson Center Arms Co.*, 504 U.S. 505, 513 n.6 (1992) (plurality) ("[T]hough disassembled, the parts included when the Contender [pistol] and its carbine kit are packaged together have been 'made' into a rifle"); *United States v. Santoro*, 242 Fed. App'x 627, 630 (11th Cir. 2007) ("[D]espite being disassembled, the units found within the single case

5

constituted a prohibited short-barreled rifle"); *United States v. Kent*, 175 F.3d 870 (11th Cir. 1999) (similar).

But it is not the role of Defendants or this Court to "speculate" as to potential irreparable harm. *See Merial Inc. v. Ceva Sante Animale S.A.*, No. 3:15-CV-40 (CDL), 2015 WL 13376946, at *4 (M.D. Ga. Sept. 4, 2015). Rather, it is Plaintiffs' "heavy burden" to show such injury. *B&G Equip. Co., Inc. v. Airofog USA, LLC*, No. 8:19-CV-403-T-36AEP, 2019 WL 2537792, at *5 (M.D. Fla. June 20, 2019). And despite numerous opportunities, Mr. Martin and 2nd Amendment Armory have failed to clearly explain whether and how they may be affected by the Final Rule at all. To the extent their purported injury is premised on alleged constitutional violations, those claims do not hold water and so cannot support an alleged irreparable injury. *See* Defs.' Mot. to Dismiss at 28-40.

Where, as here, Plaintiffs do not clearly "explain what irreparable harm is likely to occur during the pendency of the suit," they have "failed to carry their burden" on this point. *Altamaha Riverkeeper v. United States Army Corps of Engineers*, 355 F. Supp. 3d 1181, 1197 (S.D. Ga. 2018); *see also Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1286 (11th Cir. 1990) (holding irreparable injury lacking where likelihood of such injury was "unclear" "from the record in this case").

Nor have any Plaintiffs explained why they delayed for months in seeking preliminary relief, which itself "militates against a finding of irreparable harm[.]" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016); *see* Defs.'

6

Opp'n to Pls.' Mot. for Prelim. Inj. at 10-11, ECF No. 26.  And, in any event, Plaintiffs had four months to comply with the Rule or seek preliminary relief, and thus, any alleged harm at this point would be self-inflicted, and "[s]elf-inflicted wounds do not constitute irreparable harm." *Scroos LLC v. Attorney General of United States*, No. 6:20-cv-689-Orl-78LRH, 2020 WL 5534281 at *3 (M.D. Fla. Aug. 27, 2020).  For all these reasons, Plaintiffs have failed to demonstrate irreparable injury and their Motion for a Preliminary Injunction should be denied.

Dated: June 30, 2023　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　BRIGHAM J. BOWEN
　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　*/s/ Michael Drezner*
　　　　　　　　　　　　　　　MICHAEL DREZNER (VA Bar No. 83836)
　　　　　　　　　　　　　　　TAYLOR PITZ (CA Bar No. 332080)
　　　　　　　　　　　　　　　JODY D. LOWENSTEIN (MT Bar No. 55816869)
　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　1100 L Street NW
　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　Phone: (202) 514-4505
　　　　　　　　　　　　　　　Email: Michael.L.Drezner@usdoj.gov

　　　　　　　　　　　　　　　*Attorneys for Defendants*