UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSIAH COLON, BRANDON KLING, ERIC MELE, WILLIAM MARTIN, and 2ND AMENDMENT ARMORY,

      Plaintiffs,

v.                                              Case No: 8:23-cv-223-MSS-NHA

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, STEVEN DETTELBACH, UNITED STATES DEPARTMENT OF JUSTICE, and MERRICK B. GARLAND,

      Defendants.

## ORDER

**THIS MATTER** is before the Court for consideration of Defendants' Partial Motion to Dismiss, (Dkt. 22), Plaintiffs' response in opposition thereto, (Dkt. 29), and Defendants' reply in support. (Dkt. 36) Upon consideration of all relevant filings, case law, and being otherwise fully advised, Defendants' Partial Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**.

    I.      INTRODUCTION

This action concerns the government's promulgation of a final rule that amends the definition of "rifle" as used in 27 CFR § 478.11 and 27 CFR § 479.11. See Factoring Criteria for Firearms With Attached "Stabilizing Braces", 88 Fed Reg. 6,478-01, 2023

- 1 -

WL 1102552 (Jan. 31, 2023) [hereinafter, "Final Rule"]. A detailed recitation of the factual background of this case is provided in this Court's January 26, 2024 Order, which this Court incorporates here by reference. (Dkt 47) For resolving purposes, the Court accepts the allegations in the Complaint as true. (Dkt. 1)

The relevant procedural posture of this case is as follows. Plaintiffs Josiah Colon, Brandon Kling, Eric David Mele, Ted William Martin, and 2nd Amendment Armory (collectively, "Plaintiffs") commenced this action on February 1, 2023 against the United States Department of Justice, Merrick Garland as Attorney General of the United States, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and Steven Dettelbach as Director of the ATF (collectively, "Defendants"). (Dkt. 1) Plaintiffs' Complaint asserts three claims against the Defendants for alleged violations of the Second Amendment (Count I), Taxing and Spending Clause (Count II), and Administrative Procedure Act (Count III). (Id.)

On May 24, 2023, Plaintiffs moved for preliminary injunction. (Dkt. 24) That same day, Defendants moved to partially dismiss Plaintiffs' complaint. (Dkt. 22) On January 26, 2024, the Court granted in part Plaintiffs' motion for preliminary injunction. (Dkt. 47) Defendants' partial motion to dismiss is otherwise ripe for consideration.

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev.

Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must still provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well-pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III. DISCUSSION

As an initial matter, "[a] motion to dismiss tests the legal sufficiency of the complaint and asks whether the allegations, taken as true, make the claims plausible." Am. Airlines, Inc. v. Spada, No. 1:23-cv-21844, 2023 WL 8001220, at *3 (S.D. Fla. Nov. 18, 2023). A motion for preliminary injunction on the other hand requires that the Court "determine whether the evidence establishes" a right to preliminary relief. See Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995).

"For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004). Because the Court's January 26, 2024 Order determined Plaintiffs had shown a likelihood of success on their APA claim, (Dkt. 47 at 40-41), Plaintiffs have simultaneously overcome their burden at the motion-to-dismiss stage on **Count III**.

Accordingly, the Court is left to consider Plaintiffs' constitutional claims at this time.

**A. Second Amendment**

The Court finds Plaintiffs have adequately alleged their Second Amendment claims at this time. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II; District of Columbia v. Heller, 554 U.S. 570, 576 (2008). The bar for overcoming constitutional challenges to infringement of the Second Amendment has recently been raised — significantly. In fact, the Supreme Court articulated a rigorous two-step inquiry for Second Amendment claims. New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). Under its standard, a plaintiff must first show the plain text of the Second Amendment covers the proposed restricted conduct. Id. at 23-24. If so, the government must "justify its regulation by demonstrating that [the challenged regulation] is consistent with the Nation's historical tradition of firearm regulation." Id. at 24 "Only then may a court conclude that the

individual's conduct falls outside the Second Amendment's 'unqualified command.'" Id.

Here, Plaintiffs' allege "[p]istol braces are commonly owned firearm accessories that firearms are commonly sold with for lawful purposes including self-defense." (Dkt. 1 at ¶ 57) Plaintiffs also offer an example in their complaint to illustrate their Second Amendment argument. (Id. at ¶ 66) The example alleged is as follows: "The government's unlawful conduct here presents a case of Schrodinger's gun: is it a pistol, and thus protected, or it is an SBR which is in common lawful use and thus cannot be so intensely regulated." Thus, the Court finds Plaintiffs have pleaded that the Second Amendment protects firearms accessories within the definition of "arms" or alternatively that brace-equipped pistols as "arms" by themselves.

However, the Court identified several issues with the sufficiency of Defendants' historically analogous laws relating to Plaintiffs' Second Amendment claim. (Dkt. 47 at 43-44) Specifically, Defendants cite a litany of state regulations dating to 1631 but the historic analogs offered by Defendants have nothing to do with the inspection or registration of firearms for crime control or to prevent shoulder fire, as with the Final Rule. Because Defendants have not offered concrete analogs to satisfy the Bruen construct at this time, the Court finds Plaintiffs may proceed on their Second Amendment claims.

B. **Taxing and Spending Clause**

Similarly, the Court finds Plaintiffs have failed to adequately allege a violation of the Taxing and Spending clause at this time. To challenge the constitutionality of a

federal spending program, one must satisfy the requirements of taxpayer standing. Flast v. Cohen, 392 U.S. 83, 102 (1968). "First, the taxpayer must establish a logical link between [his taxpayer] status and the type of legislative enactment attacked." Id. This element is met by alleging "the unconstitutionality only of exercises of congressional power under the taxing and spending clause." Id. Second, "the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, s 8." Id. at 102-03. The second element is not satisfied where a movant challenges the effect of a legislative act rather than the act itself. See Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 486 (1923).

Plaintiffs have satisfied the first element of taxpayer standing because they allege the Final Rule violates the Taxing and Spending Clause of the United States Constitution. (Dkt. 21 at 7-8) Plaintiffs' claim fails, however, at the second element. Therefore, **COUNT II** is **DISMISSED WITHOUT PREJUDICE**.

As a final point, the Court **GRANTS** Defendants' Motion as it relates to Plaintiffs' void for vagueness and takings clause arguments. The Complaint fails to specifically allege a void for vagueness claim or a takings clause claim as separately numbered counts. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.") Nor are Plaintiffs permitted to amend their complaint via responsive briefing. See, e.g.,

Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). Accordingly, Plaintiff's embedded claims are **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Defendants' Partial Motion to Dismiss, (Dkt. 22), is **GRANTED in PART and DENIED in PART**. Defendants' motion is **DENIED** as directed against Plaintiffs' Second Amendment and APA Claims – **Counts I and III**. Defendants' motion is **GRANTED** as directed against Plaintiffs' Taxing and Spending Claim – **Count II**. Count II is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' embedded and unseparated causes of action as alleged in ¶ 95 of the Complaint are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs shall have **TWENTY-EIGHT (28)** days from the date of this Order to cure, if they can, the defects mentioned above.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of March 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party