**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSIAH COLON, BRANDON KLING, ERIC MELE, WILLIAM MARTIN, and 2ND AMENDMENT ARMORY,**

**Plaintiffs,**

**v.** **Case No.: 8:23-cv-223-MSS-NHA**

**BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, STEVEN DETTELBACH, UNITED STATES DEPARTMENT OF JUSTICE, and MERRICK B. GARLAND,**

**Defendants.**

---

**ORDER**

**THIS MATTER** is before the Court for consideration of Plaintiffs' Motion for Summary Judgment (the "Motion for Summary Judgment"), (Dkt. 64), Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion to Dismiss and for Summary Judgment (the "Motion to Dismiss and for Summary Judgment"), (Dkt. 69), Plaintiffs' Combined Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment, (Dkt. 73), and Defendants' Reply in Support of Their Cross-Motion to Dismiss and for Summary Judgment. (Dkt. 76) Upon consideration of all relevant filings, case law, and being otherwise fully advised, Plaintiffs' Motion for Summary

Judgment, (Dkt. 64), is **DENIED**, and Defendants' Cross-Motion to Dismiss and for Summary Judgment, (Dkt. 69), is **GRANTED IN PART AND DENIED IN PART AS MOOT**. Specifically, Plaintiffs' pending claims are **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO MOOTNESS**, and Defendants' motion for summary judgment is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiffs commenced this action to challenge the Final Rule entitled *Factoring Criteria for Firearms with Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478-01, 2023 WL 1102552 (Jan. 31, 2023) (the "Final Rule") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Final Rule amended ATF's regulations governing the classification of firearms equipped with stabilizing braces and, in doing so, subjected certain brace-equipped firearms to the registration, taxation, and other requirements of the National Firearms Act of 1934, as amended, codified at 26 U.S.C. § 5801, *et seq.* (the "NFA").

Plaintiffs alleged, among other things, that ATF exceeded its statutory authority in promulgating the Final Rule and that application of the Final Rule violated the Second Amendment. This Court determined that Plaintiffs were entitled to preliminary injunctive relief because ATF likely exceeded its lawful authority in promulgating and applying the Final Rule to brace-equipped firearms. (Dkt. 47 at 50–51) Having resolved the dispute on that ground, the Court made clear, (id. at 44), that

the Court did not address the merits of a constitutional challenge. See Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 346–47 (1936) (Brandeis, J., concurring).

While the Government's appeal of this Court's order granting preliminary injunctive relief was pending, the Final Rule was vacated. See Mock v. Garland, No. 4:23-cv-95, 2024 WL 2982056, at *6 (N.D. Tex. June 13, 2024). The Parties then stipulated to the dismissal of the appeal. (Dkt. 59) Because the Final Rule has been vacated, any challenges to the Final Rule are now moot. See id.; see generally Florida v. Dep't of Health & Hum. Servs., No. 25-12095, 2026 WL 2618386, at *8-9 (11th Cir. Sept. 4, 2026) (per curiam) (explaining that vacatur of a rule renders the rule void);[1] see also Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d 1231, 1243 (11th Cir. 2011) (recognizing that a lawsuit challenging a regulation becomes moot when "challenged features of the prior law" are removed).

Moreover, while this action was pending, Congress amended the NFA by reducing to zero the making and transfer taxes applicable to certain NFA-regulated firearms. See Pub. L. No. 119-21, § 70436, 139 Stat. 72, 247–48 (2025). Several states, individuals, firearms businesses, and advocacy organizations then challenged the continued enforcement of the NFA's registration and approval requirements against the now-untaxed firearms.

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

On August 5, 2026, the United States District Court for the Northern District of Texas entered judgment for the plaintiffs in two consolidated actions, Silencer Shop Foundation v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 6:25-cv-00056-H, and Jensen v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 6:26-cv-00277-H. The court concluded that, after Congress reduced the relevant taxes to zero, the NFA's registration and approval requirements for the affected firearms could no longer be sustained as exercises of Congress's taxing power. The resulting injunction protects the plaintiffs in those actions and others falling within its expressly defined scope; it is not a nationwide injunction.

The Government did not seek a stay of that injunction during the limited period afforded by the district court before the injunction became effective. That decision appears to signal that the Government may accept the Texas court's reasoning and acquiesce in its decision. Consequently, this court inquired of the Parties "whether this case can or should proceed in light of the decision (and the Government's choice not to appeal that decision) in Silencer Shop . . . ." (Dkt. 78) The Parties' responsive Joint Notice states, in full, that:

> The parties have conferred and agree that the Court should proceed to address the pending cross-motions for summary judgment. The parties agree that the relief in *Silencer Shop* is party-specific, and that decision did not resolve the Second Amendment claim Plaintiffs assert in this case.
>
> No decision has been made regarding appeal in *Silencer Shop Foundation v. ATF*, No. 6:25-cv-056, 2026 WL 2255460 (N.D. Tex. Aug. 5, 2026), and the Government's time for appeal has not run.

(Dkt. 79 at 1)

Against that backdrop, Plaintiffs seek summary judgment declaring provisions of the NFA unconstitutional—both facially and as applied to them—and enjoining their enforcement. The Government moves for dismissal on mootness grounds of Plaintiffs' claims challenging the Final Rule because the Final Rule has been finally vacated. The Government further moves for summary judgment on the claims Plaintiffs advanced in their Motion for Summary Judgment.

## II. DISCUSSION

### A. Plaintiffs' pleaded claims are due to be dismissed as moot.

The Government contends that Plaintiffs' pleaded claims challenging the Final Rule should be dismissed as moot because the Final Rule has been vacated during the pendency of this case. According to the Government, "Plaintiffs' challenges to the [Final] Rule are moot because the [Final] Rule has already been vacated, and so the issues are no longer live, and the Court can grant no meaningful relief." (Dkt. 69 at 28) As discussed above, the Final Rule was finally vacated in Mock.

Plaintiffs do not dispute that their claims are due to be dismissed as moot insofar as the claims challenge the Final Rule. Plaintiffs state in their response that the Government's cross-motion "seeks (i) dismissal for lack of standing, (ii) summary judgment on the merits, and **(iii) dismissal as moot of any claims directed specifically to the vacated [Final] Rule**. (Doc. 69 at 19; Doc. 69 at 39–41). **That cross-motion should be denied *as to Count I***, and Plaintiffs' motion should be granted." (Dkt. 73 at 2 (emphasis added))

Plaintiffs' Complaint challenges the Final Rule and ATF's asserted authority to classify brace-equipped firearms as subject to the NFA under the Final Rule. Count III, titled "The Final Rule Violates the Administrative Procedure Act," is clearly moot because it requests relief as against a now-vacated Final Rule. Plaintiffs do not dispute that Count III is due to be dismissed as moot. Cf. id.

Plaintiffs contend that Count I, the remaining pending count in the Complaint,[2] presents justiciable claims notwithstanding that the Final Rule has been vacated. They say that Count I "challenges the constitutionality of the underlying statutory scheme—not merely the now-vacated Final Rule." (Dkt. 73 at 2) Plaintiffs' contention is belied by allegations in their Complaint. Specifically, Plaintiffs alleged that:

> 67. Defendants violated the Second Amendment by subjecting Plaintiffs to an unconstitutional abridgment of their rights to keep and bear arms. By ignoring the requirements of the APA, **Defendants' Final Rule** impermissibly attempted to amend the GCA and NFA to regulate firearms far beyond the scope of that intended by Congress.
>
> 68. Defendants violated the Second Amendment by subjecting Plaintiffs to an unconstitutional abridgment of their rights to keep and bear arms. By giving force to an irrational regulatory scheme which threatens to imprison Americans by virtue of the length of a firearm component part, **requiring the destruction, surrender, or other unfavorable treatment, the enforcement of 26 U.S.C. § 5861 in this manner violates the fundamental rights of Plaintiffs**.

(Dkt. 1 at 17 (emphasis added))[3]

---

[2] Count II of the Complaint, which asserts that "[t]he Government has exceeded the limits of the tax and spend clause," (Dkt. 1 at 17 (capitalization modified)), was dismissed in an order granting in part and denying in part Defendants' motion to dismiss. (See generally Dkt. 48) Consequently, Count II does not present any live claims.

[3] The court acknowledges that the Complaint includes some broad-brushed demands for relief. (See Dkt. 1 at ¶ 97(a) & (b)) But those paragraphs relate to Count II, which had

Moreover, to establish standing, each Plaintiff specifically alleges their need to possess braced or stabilizing features on their weapons either for personal use or for sale. (See Dkt. 1 at ¶¶ 4-8, 34-42) And Plaintiffs expressly allege that "[t]he Final Rule, published to the Federal Register January 31, 2023, . . . lies at the core of the instant action . . . ." (Id. at ¶ 33) Thus, the plain language of Count I and other allegations pleaded in the Complaint makes it clear that Plaintiffs allege in their pleading that the vacated regulatory scheme is what they contend violates the Second Amendment. If that were not sufficient, Plaintiffs concede as follows in the well-pleaded Complaint: **"But for the Final Rule, Plaintiffs would be able to continue to peaceably own, use, dispose of, and possess their lawfully acquired firearms."** (Id. at ¶ 42 (emphasis added))

**B. Plaintiffs' unpleaded claims, first raised on summary judgment, are not ripe for adjudication.**

Plaintiffs' Motion for Summary Judgment encounters a fundamental problem. Plaintiffs seek to expand their claims in their Motion for Summary Judgment to challenge the NFA. This they cannot do.

---

previously been dismissed, or they are contradicted by the actually-pleaded allegations, which would not have presented a basis for the Court to grant all relief requested even if Plaintiffs had prevailed on the claims pleaded in the Complaint. Furthermore, the Court finds that the relief requested at paragraph 97(c) of the Complaint, targeting the "enforce[ement] of the National Firearms Act against common arms by reference to barrel length[,]" seeks relief against enforcement of the NFA insofar as the Final Rule allegedly ensnared certain firearms in the regulatory regime promulgated under the NFA until the Final Rule was vacated. (Cf. Dkt. 1 at ¶ 42 ("But for the Final Rule, Plaintiffs would be able to continue to peaceably own, use, dispose of, and possess their lawfully acquired firearms"))

A plaintiff may not amend the complaint through argument at summary judgment. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314–15 (11th Cir. 2004) (per curiam); see also GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1258 n.27 (11th Cir. 2012); Poer v. Jefferson Cnty. Comm'n, 100 F.4th 1325, 1337–38 (11th Cir. 2024) ("Despite the liberal pleading standard for civil complaints, plaintiffs may not raise new claims at the summary judgment stage.") (quotations omitted); Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006) (requiring plaintiff to amend the complaint before raising a claim at summary judgment). The complaint performs the essential functions of identifying the claims presented and placing the opposing party on notice of the grounds upon which those claims rest. Additionally, it serves to define the issues the court must adjudicate. See Fed. R. Civ. P. 8(a). When a plaintiff wishes to pursue an additional claim disclosed during litigation, the proper course is to seek leave to amend under Rule 15—not to present the new claim for the first time in a motion for summary judgment. Gilmour, 382 F.3d at 1315; Sorenson v. Delta Air Lines, Inc., 174 F.4th 54, 64 n.3 (11th Cir. 2026) (quoting Hurlbert, 439 F.3d at 1297).

As discussed above, none of the pending claims pleaded in the Complaint are what Plaintiffs now ask the Court to adjudicate. Their present Motion for Summary Judgment does not merely challenge ATF's classification of brace-equipped firearms or the application of the Final Rule to those firearms. Instead, Plaintiffs seek a declaration that provisions of the NFA itself—independent of the Final Rule—are unconstitutional.

The distinction is consequential. A challenge to the validity of an agency regulation is not interchangeable with a challenge to the constitutional authority of Congress to maintain the underlying statutory scheme. The claims arise from different governmental actions and they are bottomed on different legal theories entirely. Importantly, the claims may require different standing and remedial analyses.[4]

No operative pleading alleges that Congress lacks constitutional authority to impose 26 U.S.C. §§ 5861(b)-(d), the NFA provisions that Plaintiffs challenge as unconstitutional in their Motion for Summary Judgment. In fact, the only mention of 26 U.S.C. § 5861 in the Complaint is the following: "By giving force to an irrational regulatory scheme which threatens to imprison Americans by virtue of the length of a firearm component part, requiring the destruction, surrender, or other unfavorable treatment, the enforcement of 26 U.S.C. § 5861 in this manner violates the fundamental rights of Plaintiffs." (Dkt. 1 at 17)

Nor does the Complaint allege the facts necessary to establish that each Plaintiff has standing to pursue such a claim. As noted, the Plaintiffs acknowledged that they would suffer no constitutional injury if the Final Rule were invalidated. (Id. at 12) The Court consequently has not determined whether any of the individual Plaintiffs and

[4] The Court notes that the statements bearing on Plaintiffs' standing in affidavits that were available to the Court when it granted preliminary injunctive relief, (Dkts. 30, 32, 38), materially differ from the statements bearing on Plaintiffs' standing in Plaintiff Eric Mele's affidavit filed in support of Plaintiffs' Motion for Summary Judgment. (Dkt. 64-1) Specifically, only the later-filed affidavit for Plaintiff Eric Mele presents facts supporting standing on a challenge to "the NFA even absent the Final Rule." (Id. at 2) This difference supports the Court's conclusion that a challenge to the NFA is not encompassed in the well-pleaded claims properly pending before the Court.

2nd Amendment Armory have suffered an injury traceable to the now challenged statutory provisions and redressable by the relief now requested. Those questions cannot be bypassed by importing the standing allegations, evidentiary record, and relief entered for different plaintiffs in separate litigation.

While the Government has had an opportunity to respond to Plaintiffs' new theories for relief through summary judgment briefing, (see Dkts. 69, 76), briefing on a motion cannot substitute for a pleading. Neither the Texas decision nor the Government's election not to seek an immediate stay alters that conclusion. The judgment in the consolidated Texas litigation affords relief to the plaintiffs and other persons expressly protected by the injunction. It does not automatically supply Plaintiffs in this action with an unpleaded claim, establish their standing, or authorize this Court to enter judgment on a theory never presented in the operative Complaint.

Accordingly, the Court expresses no view on the merits of Plaintiffs' proposed challenge to the NFA, the continuing enforceability of the NFA following Congress's 2025 amendments, or the potential effect of the Texas judgment beyond the parties protected by that judgment. Those questions are simply not properly before the Court in this action. If Plaintiffs wish to pursue relief on new claims raised in the summary judgment memoranda, they must assert their claims in a proper pleading and establish their own entitlement to invoke federal jurisdiction.

## III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Summary Judgment, (Dkt. 64), is **DENIED**.

2. Defendants' Cross-Motion to Dismiss and for Summary Judgment, (Dkt. 69), is **GRANTED IN PART AND DENIED IN PART AS MOOT**. Specifically, Plaintiffs' pending claims are **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO MOOTNESS**. Count II of the Complaint, which presented the only challenge to a statutory provision in this case, was dismissed with leave to amend within twenty-eight days on March 11, 2024, (Dkt. 48 at 7), but Plaintiffs never filed an amended complaint. Moreover, this case was filed more than three years ago, Plaintiffs have never sought to leave to amend, and the underlying circumstances have changed dramatically. The Final Rule, which Plaintiffs characterized as "at the core of the instant action," has since been vacated; Congress amended the NFA by reducing to zero the making and transfer taxes applicable to certain NFA-regulated firearms; and in the coming days the Government must decide whether it will appeal an order finding the NFA unconstitutional in part. "[T]here is no 'reasonable expectation' that the challenged practice will resume after the lawsuit is dismissed." Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)) (other citations omitted); see also Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328-29 (11th Cir. 2004) ("[G]overnmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities"). As a result of the dismissal of all pending claims, Defendants' motion for summary judgment is **DENIED AS MOOT**.

3. The unpleaded claims Plaintiffs first raised in their Motion for Summary Judgment, (Dkt. 64), are **DISMISSED WITHOUT PREJUDICE.**

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of September 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party